The People of the State of Illinois, Plaintiff-Appellant, v. James Harvey Bryant, Defendant-Appellee.

Gen. No. 10,855.

Fourth District.

November 1, 1967.

Hugh A. Henry, Jr., State's Attorney of McLean County, of Bloomington (John F. McNichols, Assistant State's Attorney, of counsel), for appellant.

Robert H. Jones, of Peoria, for appellee.

SMITH, J.

We review two motions, one filed by the defendant entitled "Petition to Suppress Statements" and a responsive motion filed by the State entitled "Motion to Strike Petition to Suppress Statements." The trial court denied the State's motion to strike and allowed the defendant's motion to suppress. The State appeals from each of these orders.

The defendant's motion is based solely on the proposition that the cautionary safeguards required by Miranda v. Arizona, 384 US 436, 16 L Ed2d 694, were not accorded the defendant. The State's motion to strike asserts that (a) the defendant's motion is premature, (b) there is no statutory authority for a pretrial motion such as this, and (c) the circumstances surrounding these statements are not within the factual framework of Miranda.

█ Fol!·wing a fatal shooting in the City of Bloomington on the night before, the defendant learned that the police were looking for him in connection with it. He and his wife voluntarily went down to the police static⸴ the next morning and were conducted into a closed room; the incidents of the night before were discussed; the defendant was interrogated; a written statement was taken, and immediately thereafter the defendant was placed under arrest. The statement involved was not before the trial court and of course is not before this court. Both the State's Attorney and the defendant's counsel agree that the statement is an ex-

culpatory statement and is in no sense a confession. The State's contentions that the defendant's motion to suppress this statement is prematurely filed and that there is no statutory authority for such motion may be discussed together. Our Code of Criminal Procedures purports to cover only pretrial motions to suppress confessions or to suppress physical evidence obtained under illegal search and seizure. If the ground for either of said motions exists and is known to the defendant prior to trial, our statute contemplates that the motion shall be made prior to trial. Ill Rev Stats 1965, c 38, §§ 114–11 and 114–12. The reason for the pretrial motion is aptly stated by the trial judge in his memorandum opinion as follows: "It is common knowledge that the hearing of motions to suppress are frequently time-consuming and to interrupt a trial before a jury and hear such a motion for two or three days, would indeed not make for orderly procedure, and I believe it to be within the discretion of the trial court to so arrange its affairs as to permit the hearing of such motions prior to trial." See People v. Winn, 324 Ill 428, 155 NE 337, concerning the time-consuming aspects.

Our Code of Criminal Procedures was adopted several years prior to Miranda and the method of raising the questions posed by Miranda was doubtless not within the specific contemplation of the drafting committee. The determination of the admissibility of an in-custody statement may of course be raised if and when it is offered by the State in the trial and the defendant is thus protected. This, however, should not preclude a pretrial determination of the issue if the defendant so elects. Common sense and time-saving trial procedure in criminal cases suggest that it is proper to make a pretrial determination of whether or not any given statement may be appropriately used by the State and the determination of that issue should be made as early in the proceedings as is reasonably possible. Defendant's motion to suppress was

neither premature nor beyond the inherent power of the court.

We turn now to the question as to whether or not the facts in this case are within the framework of Miranda. The statement here taken was taken some 9 months before the decision in Miranda was announced. It is not, therefore, surprising that the format laid down in Miranda was not followed by the police department. There is nothing in this record that suggests the defendant was treated otherwise than courteously and kindly. He voluntarily came into the police station and was taken into a private room, and the door was closed. When asked whether or not he would have permitted the defendant to walk out of there, the police officer replied, "No, I wouldn't have done that." Defendant asked to go to the rest room and he was permitted to do so, but was accompanied by an officer who remained with him and returned with him to the room. During the entire interrogation, the defendant's wife was in the room with him. The trial court found that the defendant was in custody. It is quite apparent that he was "deprived of his freedom by the authorities" in a significant manner within the proscription of Miranda. When the statement was concluded, the defendant was placed under arrest and subsequently indicted in a two-count indictment, with one charging voluntary manslaughter and the other charging involuntary manslaughter in the killing of Howard Walter Price. The Police Department of the City of Bloomington did not engage in any of the abuses which precipitated Miranda. Defendant was advised that he could call an attorney and anything he said could be used against him. He was not advised that he might remain silent nor that an attorney could be present during the interrogation nor that an attorney would be appointed if he couldn't afford one. The defendant is still awaiting trial and thus Miranda applies. Miranda unequivocally sets forth the guidelines in these words:

". . . we hold that when an individual is taken into custody or otherwise deprived of his freedom by the authorities in any significant way and is subjected to questioning, the privilege against self-incrimination is jeopardized. Procedural safeguards must be employed to protect the privilege, and unless other fully effective means are adopted to notify the person of his right of silence and to assure that the exercise of the right will be scrupulously honored, the following measures are required. He must be warned prior to any questioning that he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires. Opportunity to exercise these rights must be afforded to him throughout the interrogation. After such warnings have been given, and such opportunity afforded him, the individual may knowingly and intelligently waive these rights and agree to answer questions or make a statement. But unless and until such warnings and waiver are demonstrated by the prosecution at trial, no evidence obtained as a result of interrogation can be used against him." 384 US 436, 478, 16 L Ed 694, 726, 86 S Ct 1602.

Miranda unequivocally states that there is no differentiation between an inculpatory and an exculpatory statement. The prosecution concedes that the Miranda warnings were not given and it is thus patent that they could not be knowingly and intelligently waived.

■■ It seems to us that Miranda has gone the full distance. The admissibility of a confession or any other statement is not dependent upon whether it was induced by physical violence, psychological pressures, misrepresentations, promises of leniency, threats, or any other conduct calculated to taint or undermine the exercise of

a free will. Freedom from these things no longer ipso facto permits the State to use such statements in evidence against the defendant. More is required. These requirements Miranda has specified. These requirements we must follow. These requirements must be made known to a suspect before any statement arising out of an in-custody interrogation is admissible against him. It is then his choice to exercise his constitutional privilege against self-incrimination or to waive that privilege, if he elects to do so. That choice was not accorded the defendant in this case, albeit unwittingly. Such a rule of criminal procedure in no sense precludes confessions or statements by a defendant in custody when freely, willingly and understandingly made.

Accordingly, the order of the trial court suppressing the statements must be and it is hereby affirmed.

Affirmed.

CRAVEN, P. J. and TRAPP, J., concur.